DAVID S. SUTHERLAND *versus* NEHEMIAH KITTRIDGE.

Exceptions to an amendment made by leave of Court, must be presented to the Court granting the same, before its adjournment; and if not so presented, the Court will not regard the question of the legality of the amendment, as regularly before them.

Where the defendant and another employed a third person to drive a quantity of lumber at a certain stipulated rate *per* M, to be paid by each party in proportion to their interest, and agreed that such person might employ the plaintiff on their account, and that his services should be deducted from the stipulated price, — the certificate of such third person, directed to the defendant, as to the number of days the plaintiff labored with him, is not admissible as evidence to charge the defendant; though it is proved that the other owner of the lumber settled for his proportional share of the expense upon that basis, and communicated the fact to the defendant, who made no objection.

EXCEPTIONS from the District Court, CHANDLER J. presiding.

This was an action of assumpsit on an account annexed. The writ was made returnable to the October Term of the Court of Common Pleas, 1837, and was, when sued out, in the name of James Sutherland, and purported to be indorsed by him. At the October Term of the Common Pleas, 1838, the plaintiff moved for leave to amend, which was entered on the docket. The writ, when produced in the trial of the cause, at the October Term of the District Court, 1839, appeared to have been amended by striking out the name of James and inserting instead thereof the name of David S. Sutherland, while the indorsement was unaltered.

The counsel for the defendant stated, that at the time of the proposed amendment, the presiding Judge was informed of the amendment desired, but that the question was not discussed, and no judgment was passed upon it, but leave to amend was entered on the docket, without any particular specification of the amendment; and he claimed a right to object to the amendment.

The counsel for the plaintiff asserted that the amendment was made in pursuance of leave granted to make this specific alteration — and that the defendant was not entitled to his objection. The presiding Judge, under these circumstances declined interfering, and ordered the cause for trial.

The plaintiff, to prove his claim, called one Barzillai Brown, who testified that the defendant and he owned each a lot of logs in the Penobscot, and that one Orne was employed by them, to drive said logs to the boom, for which he was to receive a stipulated sum per thousand feet; and that it was further agreed between him (Brown,) Kittridge and Orne that Brown and Kitteridge might employ the plaintiff to aid him in driving, and such sums as they should have to pay him for his services, should be deducted from the sum which would otherwise be due said Orne, and that they, Brown and Kittridge, were to pay the plaintiff for his services in proportion to the quantity of logs respectively owned by each; that the defendant owned two thirds, and the plaintiff one third of the logs driven; that the plaintiff handed him a letter purporting to be signed by said Orne, and which the witness testified to be his signature, and directed to the defendant, in which was specified the number of days that the plaintiff had worked for him; that he, Brown, settled with the plaintiff for his share, according to the time specified in said paper, and paid him for the same; of which fact the defendant was informed. The paper signed by Orne was offered and read to the jury, subject to exception by the defendant's counsel.

The jury returned a verdict for the plaintiff; and exceptions were filed to the ruling of the Court.

*Rowe,* for the defendant. The amendment made was not within the provisions of St. of 1821, c. 59, § 16. The writ was right originally. The account sued for, was one due James Sutherland, who indorsed the writ. The amendment was the substitution of one plaintiff for another; and of one cause of action for another. The defendant was compelled to answer to a new plaintiff, and was deprived of the defence which he had to the suit, as it was when commenced. *Redington* v. *Farrar,* 5 Greenl. 379; *Tinkham* v. *Arnold,* 2 Greenl. 120; *Haynes* v. *Morgan,* 3 Mass. R. 210. The letter of Orne was hearsay, not under oath, and on no principle should it have been received. Orne was a competent witness, and should have been called.

*J. Appleton,* for the plaintiff. A misnomer can only be taken advantage of by plea in abatement. *Stafford* v. *Bolton,* 1 B. & P. 44; *Morley* v. *Law,* 2 B. & B. 34; 1 Chitty's Pleading, 440.

The amendment was properly made. *Gilbert* v. *Nantucket Bank,* 5 Mass. R. 99; *Sherman* v. *Conn. Bridge,* 11 Mass. R. 335; *Boughton* v. *Freese,* 3 Camp. 99; *Coleman* v. *Collins,* 2 Hall's R. 569; *Crawford* v. *Satcheverill,* 2 Str. 1218; *Seeley* v. *Boon,* Coxe's R. 138; *Smith* v. *Patten,* 6 Taunt. 115; *Fogg* v. *Greene,* 4 Shep. 282; *Tobey* v. *Claflin,* 3 Sum. 379.

The certificate of Orne, he being the agent of the defendant, as to the amount of labor done by the plaintiff, was rightly received. *Hood* v. *Reeve,* 3 C. & P. 532.

The opinion of the Court was delivered by

WESTON C. J. — The amendment of the writ, which is objected to, was made and allowed three terms before these exceptions were taken. If the amendment was exceptionable, the counsel for the defendant should have pursued the course prescribed by law, which provides, that the party aggrieved at any opinion, direction or judgment of the Court may except thereto, but his exceptions must be presented to the Court before its adjournment, and if conformable to the truth of the case, they are to be allowed; and thereupon all further proceedings in that Court are to be stayed. Statute of 1822, c. 193, § 5; Statute of 1839, c. 373, § 5. As the case is presented, we cannot regard this point as regularly before us.

With respect to the certificate of David Orne, we do not perceive upon what legal principle it could be received in evidence. He should have been called as a witness. It was not the act of an agent, in the discharge of his agency. The silence of the defendant, when apprised by Brown that he had settled with the plaintiff, according to that certificate, does not necessarily charge him with its adoption. He had no control over Brown, who was acting independently, with regard to his own proportion. *Exceptions sustained.*